UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :     Hon.

          v.     RECEIVED     :     Criminal No. 14-611(MLC)

DARSELL DAVIS         :     18 U.S.C. § 1951(a)

OCT 2 0 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

## Introduction

1.   At certain times relevant to this Information:

     a.   Defendant DARSELL DAVIS resided in Newark, New Jersey.

     b.   Stephon Solomon ("Solomon"), a co-conspirator not named as a defendant herein, was a Corrections Officer with the Essex County Correctional Facility ("Essex County Jail") in Newark, New Jersey.

     c.   D.H., a co-conspirator not named as a defendant herein, resided in Newark, New Jersey.

     d.   Q.N., a co-conspirator not named as a defendant herein, was a federal pretrial detainee at the Essex County Jail. Q.N. had been charged by federal criminal complaint with the theft of a motor vehicle by force and the use of a firearm in furtherance

of a crime of violence.

        e.   The Essex County Jail was a facility in New Jersey that held federal pretrial detainees by direction of, or pursuant to, a contract or agreement with the United States Attorney General.

### The Conspiracy

    2.   From in or about September 2013 through in or about May 2014, in Essex County, in the District of New Jersey, defendant

### DARSELL DAVIS

did knowingly and intentionally conspire and agree with Solomon, D.H., Q.N., and others to obstruct, delay, and affect interstate commerce by extortion under color of official right, by accepting corrupt payments that were paid and to be paid by another, with that person's consent, in exchange for Solomon's official action and assistance in violation of his official duties at the Essex County Correctional Facility as specific opportunities arose.

### Object of the Conspiracy

    3.   The object of the conspiracy was for Solomon to receive payments from Defendant DARSELL DAVIS and others in exchange for smuggling contraband, including cellular telephones and marijuana, into the Essex County Jail for distribution to inmates.

### Manner and Means of the Conspiracy

    4.   It was part of the conspiracy that:

        a.   Defendant DARSELL DAVIS and D.H. collected

contraband, including a cellular telephone manufactured outside of New Jersey, to be smuggled into the Essex County Jail by Solomon, in exchange for payment.

      b.    Defendant DARSELL DAVIS delivered cellular telephones and marijuana to Solomon, for delivery to Q.N. and other inmates at the Essex County Jail.

      c.    Defendant DARSELL DAVIS delivered cash bribes to Solomon for Solomon's assistance in smuggling contraband into the Essex County Jail, including a cash bribe payment on or about April 17, 2014, in Newark, New Jersey.

      d.    Solomon smuggled the contraband into the Essex County Jail and delivered it to Q.N, including a package containing a cellular telephone on or about April 18, 2014.

      e.    Q.N. sold the contraband to other inmates at the Essex County Jail and accepted payments from those inmates via Western Union money transfers.

      f.    Defendant DARSELL DAVIS collected the Western Union money transfers sent on behalf of inmates at the Essex County Jail who ordered contraband from Q.N.

In violation of Title 18, United States Code, Section 1951(a).

3

FORFEITURE ALLEGATION

1.    The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    The United States hereby gives notice to defendant DARSELL DAVIS, that upon conviction of the offense charged in this Information, the government will seek forfeiture in the amount of $4,300 in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds traceable to such offense.

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United

4

States Code, Section 2461(c), to seek forfeiture of any other property of Defendant DARSELL DAVIS up to the value of the forfeitable property described in paragraph 2.

_Paul J. Fishman/rah_
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 14-

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.

## DARSELL DAVIS

# INFORMATION FOR

## 18 U.S.C. § 1951(a)

### PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

RAHUL AGARWAL
ROBERT FRAZER
*ASSISTANT U.S. ATTORNEYS*
*(973)297-4395*
*(973)645-2897*

USA-48AD 8
(Ed. 1/97)